1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9

10  Jodi Schnall,                          )   No. CV-07-617-PCT-DGC
                                           )
11              Plaintiff,                  )   **ORDER**
                                           )
12  vs.                                    )
                                           )
13  Michael J. Astrue, Commissioner of the )
    Social Security Administration,        )
14                                         )
                Defendant.                 )
15                                         )
    _____   )
16

17

18          Plaintiff has filed a motion for summary judgment.  Dkt. #17.  Plaintiff seeks a

19  reversal of Defendant's administrative decision and a remand for an award of benefits.

20  Defendant has filed a motion for a remand for further proceedings. Dkt. #24. Responses and

21  a reply have been filed.  Dkt. ##23, 27.  The Court will grant Plaintiff's motion and deny

    Defendant's motion.[1]
22
    **I.      Background.**
23
            Plaintiff applied for disability insurance benefits on October 31, 2001.  Dkt. #10A,
24
    Tr. 107-09.   The application was denied initially and on reconsideration.   Tr. 33-34.
25

26

27          [1]The request for oral argument is denied because the parties have thoroughly discussed
    the law and evidence and oral argument will not aid the Court's decision.  *See Mahon v.*
28  *Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1   A hearing before an Administrative Law Judge ("ALJ") was held on April 25, 2005. Tr. 400-
2   23. The ALJ issued a written decision on June 22, 2005, finding that Plaintiff was not
3   disabled within the meaning of the Social Security Act. Tr. 35-50.

4        The Appeals Council granted Plaintiff's request for review and remanded the case for
5   further proceedings. Tr. 89-90. Another hearing was held and the ALJ issued a new decision
6   on July 28, 2006, again finding Plaintiff not disabled. Tr. 22-30, 424-49. This decision
7   became Defendant's final decision when the Appeals Council denied review. Tr. 8-10.
8   Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).
9   Dkt. #1.

10  **II.    Standard of Review.**

11       Defendant's decision to deny benefits will be vacated "only if it is not supported by
12  substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,
13  882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than
14  a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate
15  to support a conclusion." *Id.* In determining whether the decision is supported by substantial
16  evidence, the Court must consider the record as a whole, weighing both the evidence that
17  supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d
18  715, 720 (9th Cir. 1998). The Court cannot affirm the decision "simply by isolating a
19  specific quantum of supporting evidence." *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir.
20  1975).

21  **III.   Analysis.**

22       On remand, the ALJ found that Plaintiff had the following severe impairments:
23  fibromyalgia, chronic fatigue syndrome, back disorder, affective and anxiety disorders, and
24  remote history of alcohol and drug disorder, in remission. Tr. 24. The ALJ determined that
25  Plaintiff's impairments did not meet or equal a listed impairment. Tr. 25. The ALJ further
26  determined that Plaintiff's testimony about the severity of her impairments was not fully
27  credible. Tr. 26. The ALJ concluded that while Plaintiff was not able to perform her past
28  work as a medical clerk, she was able to perform a wide range of light work. Tr. 25, 28-29.

1    Plaintiff argues that the ALJ erred by mischaracterizing her non-exertional limitations,
2    by giving improper weight to various medical opinions, and by discrediting her testimony
3    of disabling pain. Plaintiff further argues that a remand for an award of benefits is
4    appropriate. Dkt. ##22, 27. Defendant contends that the matter should be remanded for
5    further proceedings because consideration of additional evidence is necessary to fully assess
6    Plaintiff's impairments. Dkt. #26.

7    As explained more fully below, the Court concludes that Defendant's decision to deny
8    benefits must be reversed because the ALJ erroneously rejected Plaintiff's testimony of
9    disabling pain. The Court further concludes that the case must be remanded for an award of
10   benefits because it is clear from the record that the ALJ would be required to find Plaintiff
11   disabled were such evidence credited, and Ninth Circuit law requires the Court to credit the
12   evidence as true. The Court accordingly need not address Plaintiff's other challenges to
13   Defendant's decision.

14   **A.    Plaintiff's Testimony.**

15   Plaintiff testified that she is unable to work due to severe pain in her neck, shoulders,
16   back, legs, and elbows. Tr. 405, 429-30. She stated that she needs to lay down at least five
17   hours a day due to the pain. Tr. 406-07, 430. She further stated that she needs help taking
18   care of the house and her six-year old daughter. Tr. 412-13, 435; *see* Tr. 140-42. The ALJ
19   found this testimony not credible. Tr. 26.

20   "Pain of sufficient severity caused by a medically diagnosed 'anatomical,
21   physiological, or psychological abnormality' may provide the basis for determining that a
22   claimant is disabled." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (citations
23   omitted). "Once a claimant produces objective medical evidence of an underlying
24   impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack
25   of objective medical evidence to fully corroborate the alleged severity of pain." *Moisa v.*
26   *Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (citation and alterations omitted); *see Smolen*
27   *v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996) ("The claimant need not produce objective
28   medical evidence of the pain . . . itself, or the severity thereof. Nor must the claimant

1  produce objective medical evidence of the causal relationship between the medically
2  determinable impairment and the symptom.").

3      In addition, and significantly for this case, unless the ALJ "makes a finding of
4  malingering based on affirmative evidence thereof, he or she may only find [the claimant]
5  not credible by making specific findings as to credibility and stating clear and convincing
6  reasons for each." *Robbins*, 466 F.3d at 883; *see Swenson v. Sullivan*, 876 F.2d 683, 687 (9th
7  Cir. 1989). "'General findings are insufficient; rather, the ALJ must identify what testimony
8  is not credible and what evidence undermines the claimant's complaints.'" *Reddick*, 157
9  F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see Connett v.*
10 *Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003) ("[W]hen rejecting a claimant's testimony, we
11 have imposed on the ALJ our requirements of specificity.") (citation omitted).

12     The ALJ found that Plaintiff had medically determinable impairments that could
13 reasonably be expected to produce her alleged pain.  Tr. 26.  Because the ALJ made no
14 finding of malingering, he was required to give clear and convincing reasons in support of
15 his adverse credibility findings.  *See Robbins*, 466 F.3d at 883.  This "clear and convincing
16 standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc.*
17 *Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

18     The ALJ found Plaintiff not credible based in part on a purported lack of medical
19 evidence.  Tr. 26-28.  The fact that Plaintiff's "testimony is not fully corroborated by the
20 objective medical findings, in and of itself, is not a clear and convincing reason for
21 rejecting it." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing *Smolen*, 80 F.3d
22 at 1283-84); *see Robbins*, 466 F.3d at 884 (lack of objective medical evidence was an
23 improper reason for rejecting the claimant's testimony of disabling pain where there was
24 evidence that the claimant had severe shoulder and back impairments); 20 C.F.R. §
25 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of
26 your pain or other symptoms or about the effect your symptoms have on your ability to work
27 solely because the objective medical evidence does not substantiate your statements."); SSR
28 96-7p, 1996 WL 374186, at *1 (July 2, 1996) (same).

1    The ALJ asserted many other reasons for rejecting Plaintiff's testimony.  The Court

2    concludes that none of them is convincing or supported by substantial evidence.

3        First, the ALJ stated that Plaintiff alone takes care of her 6-year old daughter and that

4    she also took care of the child prior to divorcing her husband.  Tr. 26.  The only evidence the

5    ALJ cites in support of this assertion is a medical record indicating that Plaintiff "has two

6    children, an 18½-year-old son and a 5-year-old daughter."  Tr. 286 (Ex. 17F at 1).  The

7    medical record says nothing about Plaintiff's ability to care for her daughter.

8        Plaintiff, by contrast, testified that while she reads with her daughter and helps with

9    homework, she is not able "to take her [daughter] out and do things with her."  Tr. 412, 415,

10   435-36; *see* Tr. 140-41.  Plaintiff further testified that family and friends help raise the child.

11   Tr. 412.  This testimony is corroborated by a statement from Plaintiff's mother indicating that

12   prior to the divorce, Plaintiff's husband had taken over a lot of the child-rearing

13   responsibilities.  Tr. 144, 148.  The ALJ's assertion that Plaintiff "alone" takes care of her

14   daughter is not supported by substantial evidence.

15       Second, the ALJ claimed that Plaintiff stated that she required an ambulatory device

16   to walk, but appeared at the hearing without a cane or walker.  Tr. 26.  In support of this

17   claim the ALJ cited the records of Dr. Stephen Ritchie, who treated Plaintiff from January

18   1995 until October 2002.  Tr. 177-94 (Ex. 1F).  The Court has carefully reviewed these

19   medical records and has found no statement indicating that Plaintiff needs the assistance of

20   an ambulatory device.  Plaintiff did state in a daily activities questionnaire that she cannot

21   go to a shopping mall without using a "scooter."  Tr. 141.  But the fact that Plaintiff required

22   an ambulatory device to traverse a shopping mall does not support a finding that she would

23   also need one to attend the hearing.

24       Third, the ALJ stated that Plaintiff quilts in her spare time and plays with her

25   daughter.  Tr. 26.  Only if the level of these activities is inconsistent with Plaintiff's claimed

26   limitations do the activities have any bearing on Plaintiff's credibility.  *See Reddick*, 157 F.3d

27   at 722.  While that ALJ stated that Plaintiff quilts in her "spare time," he does not address

28   the level of this activity or explain how the hobby of quilting – which requires little strength

1   and can be interrupted at will – is inconsistent with Plaintiff's description of pain.

2   Nor does the ALJ address the limited nature of Plaintiff's ability to play with her

3   daughter.    Plaintiff testified that she does not "really engage in a whole lot with her

4   [daughter]" and that she gets depressed when she "can't do something with [her] daughter

5   because of what's going on in [her] body." Tr. 409, 412.   Plaintiff stated that she will lay

6   down on the bed and do crafts with her daughter, Tr. 415, but this activity, like the hobby of

7   quilting, does not show that Plaintiff has exaggerated her symptoms.   The ALJ's general

8   finding that Plaintiff "quilts in her spare time and plays with her daughter" is not sufficient

9   to support his adverse credibility finding. *See Reddick*, 157 F.3d at 722; *Orn v. Astrue*, 495

10  F.3d 625, 639 (9th Cir. 2007) (holding that the ALJ erred in finding the claimant not credible

11  where the claimant's description of his daily activities did not contradict his other testimony

12  and the activities were not transferable work skills).

13  Fourth, the ALJ stated that Plaintiff enjoys gardening. Tr. 26.  But the ALJ himself

14  acknowledged that this "hobby activity is limited by pain." *Id.*

15  Fifth, the ALJ stated that Plaintiff was not on an exercise program for her

16  fibromyalgia. *Id.*   But the ALJ cited no evidence indicating that Plaintiff's doctors had

17  prescribed an exercise program.  Moreover, the ALJ acknowledged that "[p]hysical therapy

18  was attempted but aggravated [Plaintiff's] condition." *Id.* (citing Tr. 392-99).

19  Sixth, the ALJ stated that Plaintiff was able to drive her daughter to school a couple

20  times a week. *Id.*  Plaintiff testified at the initial hearing that she was not always able to drive

21  her daughter to school due to her pain, and that she was able do so one or two times a week

22  only because the school was "just around the corner" from her home. Tr. 412-13. The ALJ

23  does not explain, and it is unclear to the Court, how Plaintiff's ability to occasionally drive

24  a short distance renders her testimony of disabling pain incredible.    This Circuit has

25  repeatedly stated that the mere fact that a claimant has carried on certain daily activities, such

26  as driving, "does not in any way detract from her credibility as to her overall disability.  One

27  does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260

28  F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989));

*see Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" to be eligible for benefits); *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Vertigan*).

Moreover, Plaintiff testified at the second hearing that she is no longer able to drive due to worsening pain and side effects from her medications. Tr. 430, 434-35. The ALJ does not address this testimony in his decision. "Because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, careful consideration must be given to any available information about symptoms." SSR 95-5p, 1995 WL 670415, at *1 (Oct. 31, 1995). The ALJ erred by failing to give careful consideration to all of Plaintiff's testimony. *See Reddick*, 157 F.3d at 723 (holding that the ALJ erred by disregarding certain testimony and by paraphrasing the record in a way that was "not entirely accurate regarding the content or tone of the record").

Seventh, the ALJ stated that Plaintiff was able to move from Phoenix to northern Arizona. Tr. 26. But the ALJ does not explain how Plaintiff's ability to relocate is a convincing reason for finding her not credible.

Eighth, the ALJ stated that Plaintiff was able to travel as evidenced by her presence at the two administrative hearings in Phoenix and trips to Sedona and California. Tr. 26. The ALJ, however, does not address the nature of the trips or explain how the mere fact that Plaintiff was able to travel is inconsistent with her testimony of disabling pain. Plaintiff testified at the initial hearing that is was "pretty painful" for her to sit through the hearing as a result of the nearly three-hour ride from her home in northern Arizona. Tr. 413. She further testified that she had to fly to California, rather than drive there with her husband, due to the pain caused by long road trips, and that she had not traveled outside Arizona for two years. Tr. 414.

"Several courts, including [this Circuit], have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722 (citations omitted). The mere fact that Plaintiff attended the hearings in Phoenix and was able to visit Sedona and California during the adjudicatory

period "does not in any way detract from her credibility as to her overall disability." *Vertigan*, 260 F.3d at 1050.

Ninth, the ALJ stated that Plaintiff was able to cook her own meals. Tr. 26. Plaintiff testified that she and her daughter "eat a lot of cereal and easy simple things" like soup and grilled chicken. Tr. 416. Plaintiff also stated that while she sometimes tries to cook a full meal for dinner, standing in the kitchen makes her back hurt "much worse." Tr. 141. This testimony is corroborated by a statement from Plaintiff's mother indicating that her impairments have limited her ability to cook and that she now eats "fast food or sandwiches." Tr. 147-48.

The ALJ did not consider the limited nature of Plaintiff's ability to cook. Rather, he appears to have mischaracterized her testimony "to reach the conclusion that [she] exaggerated her symptoms." *Reddick*, 157 F.3d at 722. This constitutes legal error. *See id.*; *Orn*, 495 F.3d at 639; *Cooper v. Bowen*, 815 F.2d 557 at (9th Cir. 1987) (stating that "evidence that [the claimant] could assist with some household chores was not determinative of disability"); *cf. Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that the ALJ gave convincing reasons for rejecting the claimant's testimony of disabling pain where the claimant testified that she attended to all of her children's needs and that her daily activities included cooking, cleaning, laundry, shopping, and running various errands outside the home).

Finally, the ALJ concluded that Plaintiff's use of several strong pain medications, including morphine and methadone, did not support her claim of "unremitting pain." Tr. 26. The ALJ cites no evidence in support of this conclusion. Nor does he address Plaintiff's testimony that she experiences "breakthrough pain," which is pain that occurs suddenly for short periods of time and is not completely alleviated by pain medication. Tr. 407-08, 431-32. Plaintiff's use of several strong pain medications is not inconsistent with her testimony of disabling pain.

In summary, the reasons the ALJ provided for finding Plaintiff not credible are neither convincing nor supported by substantial evidence. *See Lingenfelter v. Astrue*, 504 F.3d.

1028, 2007 WL 2874403, at *10 (9th Cir. Oct. 4, 2007) (holding that the ALJ failed to provide convincing reasons for rejecting the claimant's testimony of disabling pain where the claimant had few hobbies, engaged in limited household activities, took prescription pain medicine twice a day, and received extensive medical treatment for his pain).  Defendant asserts that "the ALJ properly considered several factors in determining Plaintiff's credibility," Dkt. #26 at 6, but presents no argument or evidence in support of this assertion. The Court accordingly will grant summary judgment in Plaintiff's favor with respect to this issue.

   **B.    The Decision to Remand for Further Proceedings or an Award of Benefits.**

   In *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396 (9th Cir. 1988), the Ninth Circuit held that in cases where there are no outstanding issues that must be resolved before a proper determination can be made, and where it is clear from the record that the ALJ would be required to award benefits if the claimant's testimony were credited, the court may "not remand solely to allow the ALJ to make specific findings regarding that testimony."  859 F.2d at 1400; *see Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) ("We accept as true Swenson's testimony of disabling fatigue.  Because of [the] uncontradicted testimony that, if Swenson's testimony were true Swenson would be disabled, we will not remand for further findings."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 & n.11 (9th Cir. 1989) ("[W]e follow [the 'credit as true'] rule when an ALJ fails to provide legally sufficient reasons for disregarding a claimant's excess pain testimony.").  On many occasions since *Varney*, the Ninth Circuit has reaffirmed the rule that improperly rejected evidence must be credited as true.  *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Reddick v. Charter*, 157 F.3d 715, 729 (9th Cir. 1998); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Benecke v. Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007); *Lingenfelter*, 504 F.3d. 1028, 2007 WL 2874403, at *10 (9th Cir. Oct. 4, 2007) ("[W]e will not remand

1    for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly

2    be required to award benefits[.]") (citing *Varney*).

3        Defendant notes that in *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003), a three-

4    judge panel declined to apply the "credit as true" doctrine. Dkt. #26 at 7 n.1 (citing *Connett*,

5    340 F.3d at 876). Although this Court would be inclined to agree with *Connett*'s approach,

6    the overwhelming authority in this Circuit makes clear that the "credit as true" doctrine is

7    mandatory. Until an *en banc* panel reverses course, this Court must follow *Varney* and its

8    progeny. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (holding that neither a

9    district court nor a three-judge panel may overrule a prior decision of the court unless it has

10   been "undercut by higher authority to such an extent that it has been effectively overruled").

11       Applying these cases in the instant suit, the Court concludes that Plaintiff's improperly

12   rejected testimony should be credited as true and the case remanded for an award of benefits.

13   The ALJ acknowledged that in making his adverse credibility determination he had carefully

14   considered all evidence of record. Tr. 23. The vocational expert testified that if Plaintiff's

15   testimony is credited, a disability finding would be required. Tr. 447-48; *see Orn*, 495 F.3d

16   at 640 (remanding for an award of benefits where it was clear from the record that the ALJ

17   would be required to find the claimant disabled if he had credited the claimant's testimony).

18       Defendant suggests that a remand for further proceedings is appropriate to allow the

19   ALJ to consider the opinion of Dr. Merrill Stromer and the statement of Plaintiff's mother.

20   Dkt. #26 at 4-6; *see* Tr. 144-51, 284-85. But these matters are not new. They were in the

21   record when the ALJ rendered his decision. Nor does Defendant dispute that both

22   Dr. Stromer's opinion and the statement of Plaintiff's mother support a finding of disability.

23   Dkt. #25 ¶¶ 12, 31. Thus, "a remand for further proceedings would serve no useful purpose."

24   *Reddick*, 157 F.3d at 730.

25       Defendant's reliance on *Kail v. Heckler*, 722 F.2d 1496 (9th Cir. 1984), is misplaced.

26   In *Kail*, only one doctor opined about the claimant's residual functional capacity. Noting that

27   whether to remand the case for further proceedings or simply for an award of benefits

28   presented a "close question," the Ninth Circuit remanded for further proceedings because

1   "additional medical opinions regarding the claimant's residual functional capacity might

2   [have been] of assistance."  722 F.2d at 1497.  In this case, the ALJ considered the opinions

3   of multiple doctors, and the only medical opinion the ALJ failed to consider – Dr. Stromer's

4   statement of Plaintiff's inability to perform work activities – supports a finding of disability.

5   *See* Tr. 26-28, 284-85.

6          **IT IS ORDERED:**

7          1.      Plaintiff's motion for summary judgment (Dkt. #17) is **granted**.

8          2.      Defendant's motion for remand for further proceedings (Dkt. #24) is **denied**.

9          3.      Defendant's administrative decision denying benefits is **reversed**.

10         4.      The case is remanded to Defendant for an award of benefits.

11         5.      The Clerk is directed to terminate this action.

12         DATED this 30th day of November, 2007.

13

14

15   _____

16                   David G. Campbell
                 United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28