**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodi Schnall, | No. CV-07-617-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's counsel, Mark Caldwell, has filed a motion for award of attorney's fees pursuant to 42 U.S.C. § 406(b). Dkt. #36. Defendant does not oppose the motion. Dkt. #38 at 5. For reasons stated below, the Court will grant the motion and award Mr. Caldwell $22,439 in attorney's fees.

**I.   Background.**

Plaintiff applied for social security benefits. Defendant denied the application. Plaintiff then commenced this action for judicial review. Dkt. #1.

On December 3, 2007, the Court granted summary judgment in Plaintiff's favor and remanded the case to Defendant for an award of benefits. Dkt. #28. Pursuant to the parties' stipulation, the Court awarded Mr. Caldwell $4,792.49 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. ##33-34.

On remand, Defendant awarded Plaintiff $89,756 in past-due benefits. Dkt. ##37-2, 38 at 2. Defendant withheld 25 percent of that amount – $22,439 – for the payment of potential attorney's fees. *Id.*

## II.     Analysis.

The fee agreement between Mr. Caldwell and Plaintiff provides that Mr. Caldwell shall receive 25 percent of the past-due benefits awarded to Plaintiff as result of Mr. Caldwell's representation. Dkt. #37-4. The agreement indicated that the total fee could amount to several thousand dollars or several hundred dollars on an hourly basis and that counsel was accepting Plaintiff's case because of the possibility of obtaining substantial fees. *Id.* The agreement further indicated that the award of fees in this case was governed by 42 U.S.C. § 406(b), a copy of which was attached to the agreement. *Id.*

Mr. Caldwell argues that the fee request is reasonable under 42 U.S.C. § 406(b). Dkt. #37. Section 406 establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 794. Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b). The Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.*

In this case, Mr. Caldwell seeks payment of the fees he incurred in representing

Plaintiff before the Court. The schedule of services attached to Mr. Caldwell's motion shows that he spent a total of 28.9 hours in this matter. Dkt. #37-5. If counsel were to receive the full 25 percent of past-due benefits as provided in the fee agreement, he would receive a fee equivalent to $776 per hour ($22,439/28.9 hours).

Having considered the reasonableness factors set forth in *Gisbrecht*, the Court concludes that this amount is a reasonable rate. Mr. Caldwell achieved a favorable result for Plaintiff and should be compensated above a normal hourly rate to recognize the risks involved in contingent fee litigation. The Court will award Mr. Caldwell $22,349 for his representation of Plaintiff before the Court. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003) (awarding counsel nearly three times the amount of his normal hourly rate); *Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (awarding hourly rate of $600); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365-67 (N.D. Ga. 2005) (awarding hourly rate of $643); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (awarding fee equivalent to $1,433 hourly rate); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (awarding fee equivalent to $977 hourly rate). Mr. Caldwell shall refund to Plaintiff the $4,792.49 EAJA award. *See Gisbrecht*, 535 U.S. at 796; *Yarnevic*, 359 F. Supp. 2d at 1366.

**IT IS ORDERED:**

1. The motion for award of attorney's fees (Dkt. #36) filed by Plaintiff's counsel, Mark Caldwell, is **granted** pursuant to 42 U.S.C. § 406(b).

2. Mr. Caldwell is awarded **$22,439.00** in attorney's fees, to be paid out of the sums withheld by Defendant from Plaintiff's past-due benefits.

3. Defendant shall pay Mr. Caldwell **$22,439.00** within 30 days from the date of this order.

4. Mr. Caldwell shall reimburse Plaintiff **$4,792.49**, the amount previously paid by the Government under the Equal Access to Justice Act, within 30 days from the date of this order.

1  5. Mr. Caldwell shall provide Plaintiff with a copy of this order.

DATED this 6th day of February, 2009.

_____
David G. Campbell
United States District Judge